**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 9**

Docket No. NY-1221-15-0110-W-1

**Gary Steven Kalus,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

February 12, 2016

Gary Steven Kalus, Massapequa, New York, pro se.

Cynthia J. Pree, Esquire, and Keturah Carr, New York, New York, for
the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely filed. For the reasons discussed below, we VACATE the initial decision, and REMAND the case to the field office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2      The appellant is a National Import Specialist with the agency's Bureau of Customs and Border Protection. Initial Appeal File (IAF), Tab 1 at 2, 9. On

August 10, 2014, he filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) alleging that his branch chief failed to nominate him for a fiscal year 2011 performance award in reprisal for his prior protected activity. *Id.* at 9-20. On December 8, 2014, OSC issued a close-out letter notifying the appellant of his right to seek corrective action from the Board. *Id.* at 22. On February 8, 2015, the appellant filed an IRA appeal with the Board. *Id.* at 2-8.

¶3    The agency argued that the appeal was untimely filed because the appellant previously had filed an OSC complaint regarding the same issue on December 7, 2011, OSC had issued a prior close-out letter on August 29, 2012, and he apparently failed to seek corrective action from the Board at that time. IAF, Tab 9 at 5-6. Consequently, the administrative judge issued a show cause order informing the appellant that his IRA appeal appeared to be untimely filed and directing him to file evidence and argument to prove either that his appeal was timely filed or that the filing deadline was subject to equitable tolling. IAF, Tab 10.

¶4    In response, the appellant did not dispute that his August 10, 2014 OSC complaint was based on the same matters raised in his prior OSC complaint, but he argued that his most recent complaint was based on new evidence, he had informed OSC of his prior complaint, and OSC decided to open a new case. IAF, Tab 12 at 4-5. He further argued that he timely filed this IRA appeal within 65 days after receiving OSC's December 8, 2014 letter terminating its investigation. *Id.* Alternatively, he argued that equitable tolling was warranted because his August 10, 2014 complaint was based on new evidence, specifically, affidavits that he believed contained solid evidence in support of his whistleblower complaint that he obtained in connection with his equal employment opportunity complaint after OSC had issued its August 29, 2012 close-out letter. *Id.* at 5-8.

¶5    In an initial decision issued without holding the appellant's requested hearing, the administrative judge dismissed the appeal as untimely filed. IAF,

Tab 15, Initial Decision (ID). The administrative judge found that the matters raised in this appeal were the same as those previously raised before OSC in December 2011, and thus, the appellant's February 8, 2015 IRA appeal was untimely filed with respect to OSC's August 29, 2012 close-out letter. ID at 9. The administrative judge further found that the circumstances did not warrant equitable tolling. ID at 13.

¶6 The appellant has filed a petition for review in which he asserts that the administrative judge improperly determined that his IRA appeal was untimely filed and, alternatively, that the deadline was not subject to equitable tolling. Petition for Review (PFR) File, Tab 1 at 8. The agency has opposed the appellant's petition. PFR File, Tab 3.

## ANALYSIS

¶7 Under 5 U.S.C. § 1214(a)(3)(A), an appellant may file an IRA appeal with the Board once OSC closes its investigation into his complaint and no more than 60 days have elapsed since notification of the closure was provided to him. Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. 5 C.F.R. § 1209.5(a)(1).

¶8 In finding that the appellant's IRA appeal was untimely filed, the administrative judge relied on *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10 (2014), to determine that the statutory deadline began to run from the date of OSC's August 29, 2012 close-out letter. ID at 9. We find *Heimberger* distinguishable from the circumstances in this case. In *Heimberger*, after the statutory period for filing an IRA appeal had passed, the appellant filed a request to reopen with OSC, OSC denied her request, and the appellant filed an IRA appeal with the Board arguing that her appeal was timely filed because timeliness should be calculated from the date of OSC's denial of

her request to reopen. *Heimberger*, [121 M.S.P.R. 10](), ¶¶ 3-4. The Board disagreed and found that the appellant's IRA appeal was untimely filed. *Id.*, ¶ 8. The Board reasoned that, because the denial of a request to reopen generally does not restart the statutory period to file an IRA appeal, the timeliness of the appeal was properly assessed from the date of OSC's close-out letter, not the date of OSC's denial of her request to reopen. *Id.*

¶9      Unlike *Heimberger*, which involved OSC's denial of the appellant's request to reopen, OSC here accepted the appellant's new complaint based on new evidence and resumed its investigation under a new case number. The Board has held, under similar circumstances, that OSC's reopening of an appellant's complaint after it already had issued a close-out letter in the matter creates a new statutory filing period, providing the appellant the right to file an IRA appeal either within 65 days after OSC issued its new close-out letter or, in the absence of a final OSC determination, at any time following 120 days from having sought further corrective action. *Morrison v. Department of the Army*, [77 M.S.P.R. 655](), 656-57, 661 (1998) (reviewing and applying the legislative history of the Whistleblower Protection Act). Here, because the appellant filed his appeal within 65 days of OSC's new close-out letter, we find his appeal timely.[*] *See id.* at 661.

¶10      As the Board noted in *Morrison*, the appellant's request for reopening alone would not have affected his deadline to file his IRA appeal with the Board; rather, it was OSC's decision to reopen that restarted the statutory filing period. *Id.* at 659 n.4; *cf. Hawker v. Department of Veterans Affairs*, [123 M.S.P.R. 62](), ¶ 7 (2015) (recognizing that a decision by OSC to reopen its investigation deprives its initial close-out determination of the requisite finality needed for purposes of seeking Board review). The Board will accept OSC's decision to

---

[*] Because we find that the appeal was timely filed, we need not address the appellant's arguments on review concerning equitable tolling. PFR File, Tab 1 at 4-8.

reopen at face value, absent egregious circumstances evidencing an abuse of process, which are not present here.

¶11     Finally, our decision to accept this appeal as timely filed is consistent with the Board's analysis in appeals of the final decisions of the Office of Personnel Management (OPM) under similar circumstances. Like IRA appeals, which require exhaustion before OSC, certain retirement matters can be appealed to the Board within 30 days after the appellant receives a final decision from OPM. 5 U.S.C. § 8347(d); 5 C.F.R. §§ 831.110, 1201.22(b)(1). The Board has found that OPM's issuance of a second final decision creates a new filing deadline. *See Smith v. Office of Personnel Management*, 114 M.S.P.R. 395, ¶¶ 7, 9 (2010); *see also House v. Office of Personnel Management*, 44 M.S.P.R. 161, 165-66 (1990) (finding that OPM's issuance of a letter supplementing its final decision created a new filing deadline). Similarly, the Board also has recognized that OPM's issuance of a prior final decision does not preclude the Board from taking jurisdiction over a matter pursuant to a subsequent final decision by OPM regarding the same matter. *See Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 5 n.1 (2012); *Powell v. Office of Personnel Management*, 114 M.S.P.R. 580, ¶ 9 n.2 (2010).

¶12     Accordingly, we find that the appellant's IRA appeal was timely filed.

## ORDER

¶13     For the reasons discussed above finding that the appeal was timely filed, we remand this case to the field office for further adjudication.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.